MAA:GSG
F.#2006R00217

M06-0235

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

STEVEN WISE,

          Defendant.

- - - - - - - - - - - - - - - - -X

**FILED UNDER SEAL**

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 18, U.S.C., § 1001(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

       KURT F. DENGLER, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

       Upon information and belief, on February 24, 2006, within the Eastern District of New York, the defendant STEVEN WISE, did knowingly and willfully make materially false, fictitious and fraudulent statements to agents of the Federal Bureau of Investigation ("FBI"), an agency within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001(a)(2).

       (Title 18, United States Code, Section 1001(a)(2)).

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. I have been a Special Agent of the FBI for over six years.

2. On September 5, 2003, the defendant STEVEN WISE was arrested at his home in New Jersey, pursuant to an arrest warrant I obtained from this Court. That arrest warrant charged WISE with conspiring to commit securities fraud in violation of 18 U.S.C. § 1349. On February 3, 2004, pursuant to a cooperation agreement, WISE pleaded guilty to a three-count information, which, among other things, charged that between July 2003 and September 5, 2003, he and others conspired to commit securities fraud in connection with the common stock of Marx Toys & Entertainment Corporation ("Marx Toys"), in violation of 18 U.S.C. § 1349. WISE is presently scheduled to be sentenced by the Honorable Charles P. Sifton on March 9, 2006.

3. Additionally, on January 25, 2005, the United States Securities and Exchange Commission entered an order barring the defendant STEVEN WISE from, among other things, "participating in any offering of a penny stock, including:

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest STEVEN WISE, I have not set forth every fact learned during the course of this investigation.

-2-

acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock." In the Matter of Steven Wise and Vladlen "Larry" Vindman, Rel. Nos. 8526 and 51077, Admin. Proc. File No. 3-11247. A penny stock is generally defined as a stock which sells for less than five dollars per share and is usually traded through the Over-the-Counter Bulletin Board system.

4. Over the last several months, however, I along with the United States Attorney's Office for the Eastern District of New York have been contacted by a number of individuals who claim to have been defrauded by the defendant STEVEN WISE in connection with both the sale of a penny stock and with investments in a company that WISE has represented would be going public. I have also learned from several of these individuals that WISE has revealed to them his cooperation with the government, thereby potentially jeopardizing criminal investigations in which WISE is involved.

5. On February 24, 2006, I along with another FBI agent interviewed the defendant STEVEN WISE at the United States Attorney's Office in Brooklyn, New York. During this interview, I directly asked WISE on at least two occasions whether he had

revealed his cooperation with the government to anyone but his attorney and his wife. On all occasions, WISE responded that he had not done so. I further questioned WISE if he had ever revealed any of the investigative techniques, including the use of recording devices, that he used during his cooperation with the government to anyone. Again, WISE responded that he had not done so.

   6. The defendant STEVEN WISE's answers to the above questions were false and misleading. WISE then and there well knew that he had revealed both his cooperation and information concerning investigative techniques employed during his cooperation with the government to others, including to a Confidential Source ("CS"). In fact, on February 1, 2006, WISE met with the CS in New Jersey and engaged in a consensually recorded conversation with him/her. During this conversation, WISE openly discussed his cooperation with the government and informed the CS, in substance, that WISE's cooperation resulted in the arrest of at least one other individual. In addition, WISE reminded the CS of an instance in the past when WISE spoke with a government agent on the speaker phone in the presence of the CS. According to WISE, he was cooperating with the government when he spoke to the government agent over the speaker phone in the presence of the CS.

-4-

7. During this consensually recorded meeting on February 1, 2006, the defendant STEVEN WISE also informed the CS that one investigative technique employed by the government was the use of a specific-type of transmitting device, which WISE described to the CS in detail.  WISE warned the CS that if the CS were ever present at a meeting and observed that device, the CS should be careful as it was likely that the CS's conversations were being monitored from within a two-block radius.  During WISE's cooperation with the FBI, he made a number of consensual recordings, during the course of which I gave him the option of using the transmitting device he had described in detail to the CS.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued under seal for the defendant STEVEN WISE so that he may be dealt with according to law.

*[signature: Kurt F. Dengler]*

KURT F. DENGLER
Special Agent
Federal Bureau of Investigation

Sworn to before me this
28th day of February, 2006

GE